# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER SIRMONS, JR.,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO.  24-6871** |
| | : | |
| **BERKS COUNTY PA POLICE** | : | |
| **DEPARTMENT ADMINISTRATION,** | : | |
| ***et al.*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**MURPHY, J.**                                                                                  **April 3, 2025**

Plaintiff Christopher Sirmons, Jr., a convicted inmate, filed this *pro se* civil rights action under 42 U.S.C. § 1983, naming as defendants two assistant district attorneys involved in his prosecution (identified as D.A. Patty and D.A. Colleen L. Dugan), a Berks County police officer (David Lehman), three Pennsylvania magisterial district judges (Thomas H. Xavis, Richard Gotti, and Michael J. Leanardziak), a court of common pleas judge (Paul M. Yatron), Berks County Police Department Administration, Berks County District Attorney Administration, Berks County Magisterial District Judge Administration, and Berks County Criminal Court Administration.  Mr. Sirmons seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Mr. Sirmons leave to proceed *in forma pauperis* and dismiss his complaint (DI 3) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS[1]

The allegations in Mr. Sirmons's complaint arise from a criminal proceeding initiated against him in Berks County in 2012.  A jury found Mr. Sirmons guilty of drug charges, and the court sentenced him to an aggregate prison term of four to ten years.  *Commonwealth v. Sirmons*, Nos. MJ-23309-CR-000379-2012 (Magis. D. Berks Cnty.); CP-06-CR-0005197-2012 (C.P. Berks Cnty.).  Mr. Sirmons has unsuccessfully challenged his criminal convictions via state appeal and post-conviction proceedings.  In 2014, Mr. Sirmons filed a federal petition for a writ of *habeas corpus* in this District.  *Sirmons v. DiGuglielmo*, No. 14-6790 (E.D. Pa. filed Nov. 28, 2014).  It was denied in October 2017.  *See* Order adopting R. & R., *Sirmons*, No. 14-6790 (E.D. Pa. Oct. 30, 2017), ECF No. 22.[2]

Mr. Sirmons provides the following factual backdrop underlying his conviction and sentence.  Police pulled over a car in which he was a passenger on October 17, 2012.  DI 3 (Complaint) at 3.  After confirming that he did not have a felony or warrant for arrest on record, officers nonetheless confiscated a rifle belonging to Mr. Sirmons and then let him go.  *Id*.  Mr.

---

[1] The following allegations are taken from the Complaint (which Mr. Sirmons has titled "First Amended Complaint" (DI 3)), and publicly available dockets of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Public records indicate that this civil action is not Mr. Sirmons's first challenging his 2012 arrest and prosecution: in 2014, he filed a lawsuit pursuant to 42 U.S.C. § 1983 in this district.  *See Sirmons v. Pennsylvania*, No. 14-1273, 2014 WL 1302026 (E.D. Pa. Mar. 28, 2014).  Ultimately, the court dismissed most claims as barred by the favorable-termination requirement of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *Sirmons*, 2014 WL 1302026, at *2.  The court noted other reasons why the claims lacked merit, including that many defendants were protected by judicial, prosecutorial, and Eleventh Amendment immunity, and Mr. Sirmons had failed to state a plausible claim under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978), or under the Fourth Amendment.  *See Sirmons*, 2014 WL 1302026, at *2-3.  As explained below, Mr. Sirmons's claims remain subject to these doctrines, and his claims in this case fail for many of the same reasons.

Sirmons went home and called the police station to inquire about the rifle that had been taken. *Id.* at 4.  He spoke with a dispatcher who found a record of the car stop but it did not indicate that a rifle was taken.  *Id.*  About forty-five minutes later, Berks County Police arrived at Mr. Sirmons's house and claimed to have a warrant for his arrest.  *Id.*  Mr. Sirmons followed police instructions, surrendered, and asked to see the warrant.  *Id.*  Officer Lehman had papers in his hand but did not show them to Mr. Sirmons.  *Id*. at 4-5.  Although he did not see the arrest warrant, Mr. Sirmons asserts that no properly assigned Berks County assistant district attorney signed off on it.  *Id.* at 7.  Officer Lehman and other officers conducted a search of the house, during which they broke things and mis-placed others.  *Id*. at 5.  The officers claimed to find drugs that looked like crack cocaine and asked Mr. Sirmons if they were his.  *Id.*  After Mr. Sirmons explained that they were for his personal use, Officer Lehman laughed and said, "will [*sic*] see about that."  *Id.*  Police took Mr. Sirmons to the station and placed him in a holding cell. *Id.*

Mr. Sirmons appears to allege that the paperwork authorizing his arrest, arraignment, and preliminary hearing were improper.  In particular, he claims he received arraignment and preliminary hearing papers that were purportedly authorized by Judge Xavis but signed and dated by Judge Richard Gatti (arraignment) and Judge Leonardziak (preliminary hearing).  *Id.* at 5-6.  Mr. Sirmons maintains that the judicial assignments were not accurately docketed.  *Id*. at 7. Likewise, Mr. Sirmons appears to assert that Assistant District Attorney Patty was assigned to the case but withdrew without filing a motion, and that Assistant District Attorney Colleen L. Dugan's assignment to the case was not legitimate.  *Id*. at 6.  Mr. Sirmons challenges the preliminary hearing result that bound him over for trial and the veracity of Officer Lehman's trial testimony in light of the flawed arrest warrant.  *Id.* at 7-8.  Mr. Sirmons also disputes his warrant-

based arrest because, he alleges, the amount of drugs recovered fell below the amount upon

which the state could charge a felony.  *Id.* at 8.

Although the precise legal claims Mr. Sirmons intends to raise are not altogether clear,

the court understands him to allege that the defendants violated his constitutional rights through

an illegal arrest; unreasonable search and seizure; illegal arraignment, preliminary hearing, and

trial; false imprisonment; and wrongful conviction.  *Id.* at 7-9.  He seeks declaratory relief,

compensatory and punitive damages, and to have his conviction and sentence vacated.  *Id*. at 10.

## II.    STANDARD OF REVIEW

The court will grant Mr. Sirmons leave to proceed *in forma pauperis* because it appears

that he does not have the ability to pre-pay the fees to commence this case.[3]  Accordingly, 28

U.S.C. § 1915(e)(2)(B) requires the court to dismiss the complaint if, among other things, the

complaint fails to state a claim.  Whether a complaint fails to state a claim under

§ 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under

Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  When the litigation is in this early stage,

the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable

inferences in the plaintiff's favor, and considers whether the complaint, liberally construed,

contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374

(3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th

---

[3] Because Mr. Sirmons is currently incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mr.

Sirmons is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8

F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d

Cir. 2013)).

## IV.    DISCUSSION

The vehicle by which constitutional claims may be asserted in federal court is 42 U.S.C.

§ 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this action, Mr. Sirmons raises constitutional challenges to his arrest and prosecution that

resulted in his conviction and sentence on drug offenses. He names assistant district attorneys, a

county police officer, state judges, and various purported county entities. As explained below,

none of Mr. Sirmons's claims against these defendants are plausible because they are barred

under the favorable termination rule or the Pennsylvania statute of limitations, and they will be

dismissed.[4]

---

[4] Mr. Sirmons's action may also be barred under res judicata principles. *See Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) ("Claim preclusion — which some courts and commentators also call *res judicata* — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." (internal quotations omitted)). In the present case, he names nearly all the parties that he sued in his 2014 action, discusses the same events, and appears to assert the same legal theories. *See Sirmons*, 2014 WL 1302026, at *2-4; *Marmon Coal Co. v. Dir., Off. Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (reciting the three required elements for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.")). In 2014, the court dismissed Mr. Sirmons's claims with prejudice, except it granted him thirty days to amend his Fourth Amendment claims. *Sirmons*, 2014 WL 1302026, at *4. Sirmons never did. Eleven years without filing an amendment might reasonably indicate that Mr. Sirmons elected to stand on his 2014 complaint. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992) (holding that, where the plaintiff failed to amend within the 30 day-

## A.    Claims Barred by *Heck v. Humphrey*

Mr. Sirmons appears to seek damages based on allegations that he was unconstitutionally prosecuted, convicted, and imprisoned, but these claims call into question the validity of his conviction and cannot proceed. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87 (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

---

period granted by the court, the plaintiff elected to stand on his complaint).  However, the 2014 dismissal order did not contain language converting the dismissal to a final order at the end of the period.  *Sirmons*, 2014 WL 1302026, at *4; *see Weber v. McGrogan*, 939 F.3d 232, 240 (3d Cir. 2019) (concluding that order providing leave to amend within thirty days was not final where it lacked express notice that order would become final if party failed to amend).  For that reason, *Weber* may cast doubt on the conclusion that the 2014 dismissal order here is a final judgment for res judicata purposes.  *But see Kebe v. Wash. Twp. Sch. Dist.*, 2024 WL 243339, at *1 n.3 (3d Cir. Jan. 23, 2024) (*"Insofar as Weber* [], questions *Batoff*'s jurisdictional analysis, *Batoff* nevertheless remains good law."); *Smart Commc'ns Holding, Inc. v. Glob. Tel-Link Corp.*, No. 22-3287, 2023 WL 8866555, at *3 n.4 (3d Cir. Dec. 22, 2023) ("The District Court dismissed several of Smart's claims without prejudice and its order was non-final. This order became final and, hence, appealable when Smart chose not to amend by the date set by the District Court.").

Mr. Sirmons's challenges here echo those asserted in his prior lawsuit, which the Court determined to be barred by the favorable-termination requirement in *Heck*. *See Sirmons*, 2014 WL 1302026, at *2. Mr. Sirmons does not point to anything occurring since the 2014 lawsuit that would lead the Court to reach a different conclusion in this case. Mr. Sirmons's conviction has not been reversed, vacated, or otherwise invalidated, and he still cannot pursue claims for damages based on claims of a wrongful conviction or wrongful incarceration as a result of that conviction, because success on those claims would necessarily imply the invalidity of his conviction. Accordingly, the claims will be dismissed.

### B.       Claims Barred by the Pennsylvania Statute of Limitations

To the extent that Mr. Sirmons claims that the defendants violated his Fourth Amendment rights by arresting him without a proper warrant, executing an unreasonable search and seizure, imprisoning him without probable cause, and fostering irregularities in the arraignment and preliminary hearing, these claims might not be categorically barred by *Heck*, but would nonetheless be time-barred.[5] If the claims were not covered by the deferred accrual rule of *Heck*, they accrued at the time the acts occurred in 2012 and 2013 and would be time-barred under Pennsylvania's two-year statute of limitations applicable to § 1983 actions. *See* 42 Pa. Cons. Stat. § 5524; *Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64 (3d Cir. 2021) (per curiam) (noting that false arrest and imprisonment claims begin to run at the time the plaintiff was

---

[5] There are circumstances in which *Heck* could bar such claims. *See Olick v. Pennsylvania*, 739 F. App'x 722, 726 (3d Cir. 2018) (per curiam) (explaining that *Heck* "does not automatically bar" claims for false arrest and false imprisonment but "there are circumstances in which *Heck* may bar such claims"); *see also McDonough v. Smith*, 588 U.S. 109, 122 n.8 (2019) (indicating that *Heck* left room for "at least some Fourth Amendment unlawful-search claims to proceed without a favorable termination").

"detained pursuant to legal process" (quotation omitted)); *Nguyen v. Pennsylvania*, 906 F.3d 271,

273 (3d Cir. 2018) (illegal search claims accrue at "the moment of the search").

As noted above, Mr. Sirmons previously filed a § 1983 action in which he named many

of the same parties, recounted the same underlying events, and asserted Fourth Amendment

claims among his claims for relief.  The Court largely dismissed that action with prejudice, but it

granted Mr. Sirmons leave to amend the Fourth Amendment claims within thirty days of the

March 28, 2014 order.  Mr. Sirmons never filed an amended complaint in that action.  *See*

Docket entries after Mar. 28, 2014, *Sirmons*, No. 14-1273.  He cannot purport to do so now in

order to avoid application of the statute of limitations.  *See Wilson v. AC and S, Inc.*, No. 08-

91879, 2013 WL 1294112, at *1 n.1 (E.D. Pa. Mar. 14, 2013) ("Where an amendment relates

back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations,

thereby permitting resolution of a claim on the merits, as opposed to a technicality." (citation

omitted)).

Under Rule 15, parties may amend their pleadings only once as a matter of course, within

21 days after service of the initial complaint or the filing of a responsive pleading or motion;

after that, they may do so with leave of court, which is freely given "when justice so requires."

Fed. R. Civ. P. 15(a)(1)-(2).  However, when a party files a motion to amend a complaint after

the court's deadline for amendment has expired, the party must demonstrate good cause to file

the amendment.  *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) (holding

that a plaintiff who moves to amend complaint after court's deadline for doing so has passed is

required to demonstrate good cause per Rule 16(b)(4)).  To demonstrate "good cause," a plaintiff

must show diligence.  *See id.* (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d

57, 84-85 (3d Cir. 2010)); *see also* Fed. R. Civ. P. 16(b)(4), advisory committee's note to 1983

amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").  Mr. Sirmons has not demonstrated good cause for filing such a belated amendment to his Fourth Amendment claims.  Nothing in his complaint suggests that he exercised due diligence in pursuing the claims in the eleven years after they were dismissed in 2014.  Rather, the Fourth Amendment claims in this complaint rehash the ones made in the 2014 action and add nothing new.  The Court acknowledges that it must generously construe Mr. Sirmons's *pro se* pleadings, but a liberal reading does not entitle Mr. Sirmons to entirely skirt the rules of procedure.  In the absence of Mr. Sirmons's diligence, the Court will dismiss the Fourth Amendment claims as barred by the statute of limitations.[6]

## III.    CONCLUSION

For the foregoing reasons, the court will grant Mr. Sirmons's motion to proceed *in forma pauperis*, and dismiss the case.  To the extent that Mr. Sirmons asserted claims whose success would necessarily demonstrate the invalidity of his intact conviction, they are barred by *Heck* and will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice).  To the extent that he asserted claims under the

---

[6] Even if Mr. Sirmons's claims were not *Heck*- or time-barred, they would fail for other reasons.  To the extent he seeks to impose liability on county agencies, Mr. Sirmons has not alleged any municipal policy or custom that would give rise to liability under *Monell*. Additionally, the Defendant judges and assistant district attorneys enjoy absolutely immunity from Mr. Sirmons's claims for damages. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Further, Mr. Sirmons's attempt to vacate his conviction and sentence is not plausible in an action pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when the relief sought is a determination that the plaintiff is entitled to immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus.").

Fourth Amendment challenging various aspects of his prosecution prior to the imposition of his conviction and sentence, they will be dismissed with prejudice because they are time-barred.