IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER SIRMONS, JR.,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  24-6871 |
| | : | |
| **BERKS COUNTY PA POLICE** | : | |
| **DEPARTMENT ADMINISTRATION,** | : | |
| *et al.*, | : | |
| Defendants. | : | |

### ORDER

**AND NOW**, this 3rd day of April 2025, upon consideration of plaintiff Christopher Sirmons's motion to proceed *in forma pauperis* (DI 1), Prison Trust Fund Account Statement (DI 2), and *pro se* complaint (DI 3) it is **ORDERED**:

1. Plaintiff's motion to leave to proceed *in forma pauperis* (DI 1) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Christopher Sirmons, Jr., #LA-3460, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the Superintendent of SCI Camp Hill or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Sirmons's inmate account; or (b) the average monthly balance in Mr. Sirmons's inmate account for the six-month period immediately preceding the filing of this case.  The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case.  In each succeeding month when the amount in Mr. Sirmons's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the

preceding month's income credited to Mr. Sirmons's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

      3.      The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Camp Hill.

      4.      The Complaint is **DEEMED** filed.

      5.      The Complaint is **DISMISSED IN ITS ENTRIRETY AS FOLLOWS:**

          a.      The Fourth Amendment claims alleging illegal arrest; unreasonable search and seizure; illegal arraignment, preliminary hearing, and trial; and false imprisonment are **DISMISSED WITH PREJUDICE.**

          b.      All other claims are **DISMISSED WITHOUT PREJUDICE** and with no leave to amend in this case. The claims that are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), may be reasserted in a new civil action only in the event his underlying conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*.

      6.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.

                                                                               **MURPHY, J.**